Dismissed and Memorandum Opinion filed October 9, 2003









Dismissed and Memorandum Opinion filed October 9,
2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00640-CV

____________

 

CHARLES E. DAVIS, Appellant

 

V.

 

EURANELLA DAVIS, Appellee

 



 

On Appeal from the 246th District Court

Harris County, Texas

Trial Court Cause No. 02-26897

 



 

M
E M O R A N D U M   O P I N I O N

This is an attempted appeal from a final decree of divorce
signed January 7, 2003. Appellant filed an untimely motion for new trial on
March 10, 2003.  Appellant=s notice of appeal was not filed
until May 28, 2003.

The notice of appeal must be filed within thirty days after
the judgment is signed when appellant has not filed a timely motion for new
trial, motion to modify the judgment, motion to reinstate, or request for
findings of fact and conclusion of law.  See
Tex. R. App. P. 26.1.








Appellant=s notice of appeal was not filed timely.  A motion for extension of time is necessarily
implied when an appellant, acting in good faith, files a notice of appeal
beyond the time allowed by rule 26.1, but within the fifteen-day grace period
provided by Rule 26.3 for filing a motion for extension of time.  See Verburgt v. Dorner, 959 S.W.2d 615, 617-18 9 (1997) (construing the
predecessor to Rule 26).  However, the
appellant must offer a reasonable explanation for failing to file the notice of
appeal in a timely manner.  See Tex. R. App. P. 26.3, 10.5(b)(1)(C); Verburgt, 959
S.W.2d at 617-18.  Appellant=s notice of appeal was not filed
within the fifteen-day period provided by rule 26.3

On July 17, 2003, notification was transmitted to all parties
of the Court=s intent to dismiss the appeal for
want of jurisdiction.  See Tex. R. App. P. 42.3(a).  Appellant filed a response to the notice in
which he states he attempted to file a restricted appeal within six months of
the judgment.  See Tex. R. App. P. 26.1(c).  In a restricted appeal, the notice of appeal
must: (1) state appellant is a party to the judgment but did not participateB either in person or through counsel B in the hearing that resulted in the
judgment complained of; (2) state appellant did not timely file either a postjudgment motion, request for findings of fact and
conclusions of law, or notice of appeal; and (3) be verified by appellant if
appellant does not have counsel.  Tex. R. App. P. 25.1(d)(7).  Appellant=s notice of appeal does not comply
with the rule governing restricted appeals. 
Appellant=s response therefore fails to demonstrate that this Court has
jurisdiction to entertain the appeal. 

Accordingly, the appeal is ordered dismissed.  All pending motions are denied as moot.  

 

PER CURIAM

Judgment rendered and Memorandum
Opinion filed October 9, 2003.

Panel consists of Chief Justice
Brister and Justices Anderson and Seymore.